

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 29, 1969

Honorable Don Kennard
Chairman
Public Health Committee
Senate of the State of Texas
Capitol Station
Austin, Texas  78711

Opinion No. M-387

Re: Rule-making power of
the Texas State Board
of Examiners in Optometry
under the provisions of
Sec. 2.14 of Article II of
Senate Bill 781 of the 61st
Legislature.

Dear Mr. Kennard:

Your request for an opinion poses the following question:

"Does Section 2.14 of the proposed bill limit the
Board to the making of procedural rules only or would
the underlined provisions have the effect of clothing
the Board with authority to make interpretive rules or
rules which would have the effect of enlarging upon or
expanding the specific provisions of the Bill?"

Section 2.14 of Article II of Senate Bill 781 of the 61st Legis-

lature reads as follows:

"Section 2.14.  RULES AND REGULATIONS.  The Board
shall promulgate procedural rules and regulations only
consistent with the provisions of this Act, to govern the
conduct of its business and proceedings.  Notwithstanding

any other provision of this Act, the board shall not have any power or authority to amend or enlarge upon any provision of this Act by rule or regulation or by rule or regulation to change the meaning in any manner whatsoever of any provision of this Act, or to promulgate any rule or regulation which is in any way contrary to the underlying and fundamental purposes of this Act or to make any rule or regulation which is unreasonable, arbitrary, capricious, illegal, or unnecessary. (Emphasis ours)

In construing the rule making power of the Texas State Board of Examiners in Optometry under existing law, the Court in Kee v. Baber, 157 Tex. 387, 303 S.W. 2d 376 (1957) held:

"It must likewise be conceded that broad regulatory powers, many of which are somewhat discretionary in nature, are delegated to the Texas State Board of Examiners in Optometry, which for convenience we shall hereafter refer to as the Optometry Board. Article 4556, Vernon's Ann. Tex. Civ. Stats. provides that 'The Board shall have the power to make such rules and regulations not inconsistent with this law as may be necessary for the performance of its duties, the regulation of the practice of optometry and the enforcement of this Act.' This authority is similar in scope to that vested in the State Board of Medical Examiners under the Medical Practice Act and in this Court under the State Bar Act, and differs from the narrower delegation contained in the Dental Practice Act and other similar Acts relating to administrative boards that could be mentioned.

> The Optometry Board is empowered not only to adopt
> regulations necessary for the performance of its duties
> but also such rules as are necessary for 'the regulation
> of the practice of optometry.' " (Emphasis ours)

Likewise in Texas State Board of Examiners in Optometry v. Carp,
412, S. W. 2d 307 (Sup. Ct. 1967) the Court held:

> "In Kee v. Baber, 157 Tex. 387, 303 S. W. 2d 376 (1957), this
> court sustained the validity of three rules that the Board of Op-
> tometry promulgated. These rules regulated 'bait' adver-
> tising, basic competence, and corporate practice of opto-
> metry. The court held that Article 4556 was a broad
> delegation of regulatory powers to the Board since it
> authorized the Board to adopt such rules as are neces-
> sary for 'the regulation of the practice of optometry.'
> The court also held that each of the rules was consistent
> with, related to, and an implementation of one or more
> of the prohibited categories set out in Article 4563. The
> Professional Responsibility Rule which is under attack
> prohibits five forms of practice by those licensed as
> optometrists, and as in Kee v. Baber, we shall ex-
> amine each of the prohibited practices with reference
> to Article 4563 and other optometry regulations.
>
> ". . .
>
> "We conclude that the court of civil appeals erred
> in its holding that the Professional Responsibility Rule
> added new and inconsistent provisions to the Optometry
> Act. To the contrary, our opinion is that the rule's
> provisions are in harmony with the general objectives

of the act and referable to and consistent with one or more of its specific proscriptions.  We believe that the Legislature, by investing the Board with broad rule-making powers '/for/ the enforcement of this Act' and '/for/ the regulation of the practice of optometry,' contemplated that the Board would use these powers to correct the evils generally classified in Article 4563, or some other provision of the Optometry Act.  If these rule-making powers did not authorize the Board to regulate evils not encompassed in the specific working of the act, they would be nothing more than meaningless excess." (Emphasis ours)

Therefore, under existing law, the Board has the power to adopt rules and regulations for the enforcement of the provisions of the Optometry Act and for the regulation of the practice of optometry.  Under Section 2.14 of Article II of Senate Bill 781, the power to adopt rules and regulations for the enforcement of the provisions of the Optometry Act and for the regulation of the practice of optometry is omitted and Section 2.14 of Article II of Senate Bill 781 specifically limits the Board's rule making power to "procedural rules and regulations only, consistent with the provisions of this act, to govern the conduct of its business and proceedings."  In view of the wording of Section 2.14 of Article II of

-1914-

Senate Bill 781, it is our opinion that the proposed bill would limit the Board's rule making power to procedural rules and regulations to govern the conduct of the Board's business and proceedings, and the Board would no longer have the existing power to adopt rules and regulations for the enforcement of the provisions of the Optometry Act, nor would the Board possess rule-making power for the regulation of the practice of optometry.

We note in your request that a contention has been made that the last phrase contained in the proposed Section 2.14 might be construed by the judiciary of this State to authorize the Board to adopt additional rules and regulations concerning the practice of optometry. While we do not agree with the above stated contention, any doubt concerning the rule making power of the Board may be removed by either granting the Board similar rule-making power as contained in the existing Optometry Act or by completely removing such rule-making power with the following language:

Section 2.14. RULES AND REGULATIONS. The Board shall have no authority to promulgate rules and regulations regarding

the enforcement of the provisions of this act or the regulation of the practice of optometry; however, the Board shall have authority to make appropriate rules and regulations relating to the organization and operation of this Board and relating to the conduct of hearings before the Board in connection with violations of this act.

## SUMMARY

Under Section 2.14 of Article II of Senate Bill 781, the rule-making power of the Optometry Board would be limited to the promulgation of procedural rules and regulations to govern conduct of the Board's business and proceedings and the Board would not have the power now existing, to adopt rules and regulations for the enforcement of the Act and for the regulation of the practice of optometry.

Yours very truly,

CRAWFORD MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Co-Chairman
John Banks
John Grace
Arthur Sandlin
Ronald Luna

W. V. GEPPERT
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant